IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD D. DODGE                                        PLAINTIFF

V.                              NO. 13-2145

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Edward D. Dodge, brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claim for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the

Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his application for DIB on June 11, 2010, alleging disability

since September 1, 2008, due to his lumbar back, right shoulder, left knee, neck, side effects

from medications, high blood pressure, pain, and depression. (Tr. 125-126, 141, 152). An

administrative hearing was held on September 15, 2011, at which Plaintiff appeared with counsel

and testified. (Tr. 27-69).

By written decision dated March 16, 2012, the ALJ found that through the date last

insured  (December 31, 2010), Plaintiff had an impairment or combination of impairments that

were severe - osteoarthritis/degenerative disc disease of the cervical and thoracic spine;

-1-

osteoarthritis of the right shoulder and left knee; left elbow tendonitis with a history of left elbow fracture; essential hypertension; a history of syncope; depression, not otherwise specified (NOS); mild mental retardation vs. borderline intellectual functioning; and alcohol abuse in partial remission per self report. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant was able to only occasionally climb, balance, stoop, kneel, crouch and crawl and work overhead. He was able to frequently, but not constantly, handle, finger, and reach with his non-dominant left upper extremity. The claimant needs to avoid all exposure to hazards including no driving as part of work. Nonexertionally, the claimant was able to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

(Tr. 15-16). With the help of a vocational expert (VE), the ALJ determined that through the date last insured, Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as machine tender (compression molding machine tender, riveting machine operator, binding machine feeder, and offbearer), and production and assembly worker (bottling line attendant, power screwdriver operator, and conveyor line bakery worker). (Tr. 19). The ALJ further held that even if Plaintiff's RFC was reduced to sedentary level, there were other jobs Plaintiff could perform, such as a production and assembly worker (lamp shade assembler, compact assembler, and fishing reel assembler), and inspector/checker/examiner/weigher (ordnance check weigher, nut sorter, and zipper trimmer).

-2-

(Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 8, 2013. (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one

-3-

year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

This case involves both physical and mental impairments. One of the issues that concerns the Court relates to the fact that on August 31, 2010, Steve A. Shry, Ph.D., conducted a Mental Diagnostic Evaluation, and noted that Plaintiff reported a history of "beer and wine" drinking, and although Plaintiff reported he stopped drinking "a couple weeks ago," he emitted "a faint

-4-

odor that may have been the scent of alcohol,...." (Tr. 369). Dr. Shry reported that Plaintiff appeared to have mild difficulty maintaining his stability upon standing and walking in a "staggering" fashion. (Tr. 370). Dr. Shry stated that he could not rule out the possibility that Plaintiff might have been under the influence of alcohol during the session and that further evaluation appeared warranted. (Tr. 371). Dr. Shry diagnosed Plaintiff as follows:

|        |                         |
|--------|-------------------------|
| Axis I: | Alcohol Abuse, by history |
| Axis II: | Deferred |
| Axis V: | GAF 40-45 |

(Tr. 371). Dr. Shry found that Plaintiff may be mild to moderately impaired in his ability to communicate and interact in a socially adequate manner; that he seemed incapable of comprehending and/or carrying simple and complex tasks and demonstrated severe limitation in his ability to perform work like tasks; that he was moderately to severely impaired in his ability to sustain concentration when completing tasks; that he appeared to be moderately impaired in his ability to sustain persistence when completing tasks; and that he seemed to be impaired in his ability to complete tasks within acceptable time frames. (Tr. 371-372). Dr. Shry further reported that Plaintiff appeared confused at times and tended ro ramble. (Tr. 372). He reported that he could not rule out the possibility of a Cognitive Disorder or Mild Mental Retardation, or the possibility that Plaintiff might have been under the influence of alcohol during the session, and that further evaluation appeared warranted. (Tr. 372).

Two months later, on October 12, 2010, Dr. Shry conducted another Mental Diagnostic Evaluation. (Tr. 373-375). Plaintiff's wife was also interviewed, due to the possibility of Plaintiff again being under the influence of alcohol. (Tr. 373). His wife reported that Plaintiff had "probably been drinking this morning but I don't know for sure" and that Plaintiff "needs to get

AO72A
(Rev. 8/82)

alcohol treatment very badly or he will never stop drinking." (Tr. 373).   Although Plaintiff denied having a problem with alcohol and reported he stopped drinking a week prior, Dr. Shry reported that Plaintiff again emitted a strong odor that appeared to be alcohol. (Tr. 374).   In addition, Plaintiff demonstrated much difficulty rising from his seat and appeared to stagger mildly when leaving the office. (Tr. 374). Dr. Shry noted that Plaintiff's responses were rambling, and often he seemed to be confused by questions. (Tr. 374).   Plaintiff's full scale IQ was 64, and Dr. Shry reported that the reliability of the score was questionable because Plaintiff appeared to be under the influence of alcohol at the time of the test. (Tr. 374). Accordingly, Dr. Shry felt that Plaintiff was "probably capable of borderline to low average performance based on his past history; but further evaluation cannot be accomplished until he is alcohol free." (Tr. 374). Dr. Shry diagnosed Plaintiff as follows:

|          |                              |
|----------|------------------------------|
| Axis I:  | Alcohol Dependence           |
| Axis II: | none                         |
| Axis V:  | GAF - 0 (not able to determine) |

(Tr. 375).   Dr. Shry concluded that due to the strong possibility that Plaintiff was under the influence of alcohol during testing, "it is unlikely that a valid and reliable indication of claimant's current impairment in daily adaptive functioning tasks can be determined at this time." (Tr. 375).

Subsequent to the hearing held before the ALJ and pursuant to agency request, on December 20, 2011, a Neuropsychological Evaluation was conducted by Patricia J. Walz, Ph.D. (Tr. 460-465). There was no indication in her report that Plaintiff had been drinking prior to the evaluation. Dr. Walz concluded that Plaintiff demonstrated intellectual functioning in the mildly mentally retarded range, and that his memory skills were in the low average range. (Tr. 465). She

-6-

also found that his neuropsychological profile was consistent with developmental learning impairments, and felt that his perceived memory problems were related to impaired concentration due to depression and/or anxiety. (Tr. 465). Dr. Walz diagnosed Plaintiff as follows:

|          |                              |
|----------|------------------------------|
| Axis I:  | Depression NOS               |
|          | Alcohol Abuse, In Partial Remission |
| Axis II: | Mild Mental Retardation      |

(Tr. 465).

In his decision, the ALJ gave the opinions of Dr. Walz and Dr. Shry significant weight. (Tr. 19). The ALJ noted that Dr. Shry opined that his results were not valid because Plaintiff presented under the influence of alcohol. The ALJ also stated that Dr. Shry also opined that Plaintiff was probably capable of borderline to low average performance based on his past history. (Tr. 19). A careful review of Dr. Shry's opinion reveals that he said that he believed that Plaintiff was "probably capable of borderline to low average performance based on his past history; **but further evaluation cannot be accomplished until he is alcohol free**." (Tr. 374)(emphasis added).

It appears that the only mental evaluation that was not tainted by Plaintiff's drinking was the one conducted by Dr. Walz, and in her evaluation, Dr. Walz failed to give an opinion on Plaintiff's ability to function in the workplace. The Court therefore believes it is appropriate to remand this matter to the ALJ in order to obtain a Mental RFC Assessment from Dr. Walz, wherein she can measure Plaintiff's ability to function in the workplace. In addition, the Court suggests the ALJ provide the standard analysis regarding Plaintiff's alcohol abuse. The ALJ should thereafter re-evaluate Plaintiff's RFC.

-7-

**IV.     Conclusion:**

Based upon the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence, and therefore, is hereby remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 21st day of July, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)