IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD D. DODGE                                                                                    PLAINTIFF

V.                                          NO. 13-2145

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**O R D E R**

Plaintiff, Edward D. Dodge, appealed the Commissioner's denial of benefits to this Court. On July 21, 2014, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Plaintiff now moves for an award of $4,342.50 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 23.00 attorney hours of work performed before the Court in 2013 and 2014, at an hourly rate of $180.00 and 2.70 paralegal hours of work performed before the Court in 2013 and 2014, at an hourly rate of $75.00. Defendant has filed a response, stating that she does not oppose the requested hourly rate sought or the number of hours sought. (Doc. 17).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

-1-

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

-2-

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $180.00 for 23.00 hours of attorney work, and an hourly rate of $75.00 for 2.70 hours of paralegal work, which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff failed to submit a CPI Index to his motion. However, the Court finds that the CPI -South index supports an award based upon an hourly rate of $180.00 .[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel seeks reimbursement for the following tasks:

| Date | Task | Hours |
|---|---|---|
| 7/15/13 | Paralegal letter to Clerk enclosing summonses | .50 |
| 8/7/13 | Paralegal preparation of service of process | 1.20 |
| 8/20/13 | Attorney review of file re service of process and green cards received | .25 |

---

[1] Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. to the nearest dollar:
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South) = $182.99/hour - $183.00.
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

-3-

These tasks are clerical in nature and cannot be compensated under the EAJA. <u>Granville House, Inc. v. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court will therefore deduct 1.70 from the paralegal hours and .25 from the attorney hours.

Plaintiff's counsel seeks reimbursement for 16.25 hours for review of the 466 page transcript, preparation and editing of the brief. Plaintiff's counsel is an experienced social security attorney, and reviewing the 466 page transcript and preparing the appeal brief should not have taken him more than 14 hours. Accordingly, the amount of 2.25 hours will be deducted from the attorney hours.

Plaintiff's counsel seeks reimbursement for 2.00 hours for "Attorney preparation of EAJA Motion, Brief, and Exhibits." The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will therefore deduct 1.00 hour of attorney work.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 19.50 attorney hours (23.00 hours less 3.50 hours) at an hourly rate of $180.00, and 1 hour for paralegal hours ( 2.70 hours less 1.70 hour) at an hourly rate of $75.00, for a total attorney's fee award of $3,585.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account

at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 23rd day of October, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)